Greek, J.
delivered the opinion of the court.
The facts of this case are these; Josiah Farriss, Sr., made his note for $500 to Walter Keeble, which was endorsed for accommodation by him, and by the defendants, Gooch and J. C. Farriss.' The note was made to be discounted at the Bank of Tennessee, for the benefit of Josiah Farriss, Jr., who was indebted to J. T. Elliston for house rent, and to pay which debt he wished to raise the money. The Bank did not discount the note, and it was returned to Josiah Farriss, Jr., who placed it in Mr. Elliston’s hands as a collateral security for the sum due him. When the note fell due Elliston placed it in the Bank for eollection, and it was protested for non-payment, and notice was given to the endorsers. While the note was thus under the control of Elliston, Josiah Farriss, Jr., procured Massey to purchase the note, which he did for the sum of $432 50, and Elliston gave up the note and received the money which Massey had given Farriss in discharge of so much of the debt Far-riss owed him. Massey then brought this suit against Gooch and J. C. Farriss, the endorsers. They pleaded two pleas, “non-assumpsit,” and that the contract was “usurious” to the amount of $67 50.
The court charged the jury, “that if the note was endorsed for the accommodation of the maker, and was given by him to Josiah Farriss, Jr., and by him handed over to a creditor, either in payment or as a pledge, it was put in due course of trade, and although it should afterwards be sold at a greater rate of discount than six per cent, per annum, the defendants would be responsible for the whole, subject to such payments as may have been made.”
We think the court erred in assuming, that this note was put in circulation when placed in Elliston’s hands, and was by him sold to the plaintiff. The evidence did not warrant such an as *376 sumption, and he should have left it to the jury, upon a proper charge, to determine whether Massey purchased the note from Farriss or Elliston. If he purchased from Farriss, Elliston returning the note to enable him to sell it, the contract would clearly be usurious, because Massey knew it was made and endorsed for the accommodation of Farriss to raise money upon it, and the purchase of it, was only in fact a loan of money at a_ greater rate of interest than the law allows.
But whether Massey purchased the note from Farriss or El-liston can make no difference in this case. Beyond question Farriss only received $432 50 for the note. Now, if Massey did not purchase the note from Farriss at this usurious rate of discount, it is clear that Elliston did; and if Elliston gave Far-riss the $432 50 for the note of $500, and then sold it to Massey for a like sum, the subsequent sale to Massey would not purge it of the taint of usury it contracted in the first negotiation, and the parties can make as effectual a defence against the assignee of the usurer, as they could against the usurer himself. It is plain, therefore, that Massey either purchased the note of Farriss, and was guilty of usury, or he purchased it from Elliston, who had obtained it from Farriss upon a usurious contract, and in either event, the defendants are entitled to their defence.
What is due “course of trade” has been defined by this court in several cases, and need not be repeated here, as no question of that sort is necessarily involved in the case. See 10 Yerg. Rep. 417, 429; 1 Hump. R. 468.
The judgment must be reversed, and the cause remanded for another trial.